22287. LEATHERS *et al. v.* AUTO SALES COMPANY.

JENKINS, P. J.   1. The contract sued on contained a patent ambiguity as to the amount of the purchase-price of the automobile sold by the plaintiff to the defendants, but since there was no contention on the part of the defendants, either in their pleadings or in their evidence, that the unpaid purchase-price was less than the amount as contended for by the plaintiff, and as set forth in the petition, the jury were authorized to find, in view of the schedule of payments provided for by the contract, that the unpaid purchase-price of the automobile was the amount represented by the principal sum found in favor of the plaintiff.

2. While the contract between the plaintiff, Auto Sales Company, and the defendants provided that the deferred balance of the purchase-price should be paid at the offices of the General Motors Acceptance Corporation, the contracting parties, as set forth by the contract itself, were the plaintiff as seller and the defendants as purchasers. Accordingly, the plaintiff was authorized to sue on the contract, and the court did not err in admitting the instrument in evidence over the objection that the title thereto was not in the plaintiff.

3. "The legal rate of interest shall remain seven per centum per annum, where the rate per cent. is not named in the contract, and any higher rate must be specified in writing, but in no event to exceed eight per cent. per annum." Civil Code (1910), § 3426. The provision of the instant Georgia contract, that "interest is due on installments after maturity at the highest lawful contract rate," must necessarily be taken to specify that such installments should bear interest at eight per cent., the "highest lawful contract rate," since if there had been no such specification the rate would have been seven per cent. Accordingly, the court did not err in instructing the jury that such unpaid installments should bear interest at eight per cent. per annum.

4. In view of the action of the plaintiff in voluntarily writing off from the verdict and judgment the amount of attorney's fees found in its favor, it is not necessary to determine whether such fees were recoverable.

5. The verdict in favor of the plaintiff was authorized.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED NOVEMBER 19, 1932.

86

*Leon Hood,* for plaintiffs in error.  *Boykin & Boykin,* contra.